## The Northern Illinois Railroad Company *et al.*

### *v.*

## The Racine and Mississippi Railroad Company.

1. Costs in chancery—*at what stage of the cause they may be awarded.* Where in a suit in chancery to foreclose a mortgage, a decree is rendered which settles the rights of the parties and directs a sale of the premises, but leaves the question of costs undisposed of, and the whole case stands over to await the report of the master, the parties being retained in court in view of further probable action in the case, it is competent for the court to require the costs to be taxed at the term subsequent to that at which such decree is rendered.

2. Same—*award of costs in chancery—discretionary.* The awarding of costs in chancery cases, is a matter of discretion with the court, which this court will rarely interfere with. *Frisby* v. *Ballance*, 4 Scam. 300, and *Blue v. Blue*, 38 Ill. 19.

Writ of Error to the Circuit Court of Stephenson county ; the Hon. Benjamin R. Sheldon, Judge, presiding.

The opinion sufficiently states the case.

Mr. Thomas J. Turner, for the appellants.

Messrs. Knowlton & Jamieson, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

This is a writ of error, brought by The Northern Illinois Railroad Company, to reverse a part of the decree in regard to costs rendered in the case of the Racine and Mississippi Railroad Company against The Farmers' Loan and Trust Company, 49 Ill. 331. It will be seen, by reference to the opinion filed in that case, *ante* page 331, that The Northern Illinois Railroad Company was properly taxed with costs; nor do we think, as claimed by counsel for plaintiffs in

error, that this company was out of court by the decree of sale in that case, so as to prevent the taxation of costs against them at the subsequent April term.   By the decree of the December term, the court had settled the rights of the parties as to the subject matter of the controversy, and given time for redemption, without disposing of the question of costs as to The Northern Illinois Railroad Company, and the whole case stood over until the next term waiting the report of the master, who was directed to report his proceedings under the decree of sale.   There is nothing in the decree of the December term dismissing any of the parties out of court, and in view of the fact that further action of the court would probably become necessary as to all the parties, it was most proper to retain them in court.

It is urged that it will be impossible for the clerk to tax the costs in the manner directed by the decree.   It may be difficult to tax them with perfect accuracy, and if the clerk finds these difficulties insuperable he will so report to the court and ask further directions.   But the supposed difficulty constitutes no reason for our changing the order.   This court rarely interferes with the action of the circuit court in the award of costs in chancery cases.   It is generally left to the discretion of that court.   *Frisby* v. *Ballance,* 4  Scam. 300, and *Blue* v. *Blue,* 38 Ill. 19.

The order in regard to costs is affirmed.

*Decree affirmed.*